## BROOK v. WINTER HAVEN GOLF CLUB, Inc.

### Civil Action No. 1146.

District Court, S. D. Florida, Tampa Division.

Dec. 13, 1946.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for plaintiff.

Harry E. King and Robert L. Staufer, both of Winter Haven, Fla., for defendant.

AKERMAN, District Judge.

My sympathies with the returning veteran are so strong that I have held this case under advisement much longer than I ordinarily do trying to find some way to grant the relief prayed for by the peti-

tioner, but I am unable to do so for two reasons: First, it seems clear to me that the petitioner was not an employee of the Golf Club within the meaning of the statute, 50 U.S.C.A.Appendix, § 308, but his position was rather that of an independent contractor or a concessionaire. Second, it is very evident that the real bone of contention is the profit arising from the sale of intoxicating liquors at the Club Bar. It is conceded that the sale of liquors other than light wines and beers is prohibited by law in Polk County, but there is an exception authorizing the dispensing of intoxicating liquors by incorporated clubs to its members and the respondent has taken out a license for such sale. This license is not transferable and if the bar concession was restored to the petitioner, the sale of intoxicating liquors by him would be unlawful and the Club officers and members would be parties to such unlawful enterprise and I am, therefore, of the opinion that it would be impossible and unreasonable to require the Club to restore the liquor concession to the petitioner.

It is no answer to say that this was done heretofore and even if the Club has heretofore engaged in an unlawful enterprise, it is not within the power of the Court to compel the continuance of such unlawful enterprise.